DECISION.

The determination of the Commissioner is approved. *Baltzell* v. *Mitchell*, 3 Fed. (2d) 428; *Appeal of Brown & Ives, Trustees*, 2 B. T. A. 936.

## APPEAL OF MARLBORO FERTILIZER CO.

Docket No. 3797. Submitted July 14, 1925. Decided November 20, 1925.

*Edward P. Hodges, Esq.*, for the taxpayer.
*Blount Ralls, Esq.*, for the Commissioner.

### Before MARQUETTE and MORRIS.

This is an appeal from the determination of deficiencies in income and profits taxes for the years 1919 and 1920 in the amount of $11,963.28, and an overassessment for 1918 in the amount of $4,995.68, or a net deficiency of $6,967.60.

The question is whether the net income should be determined on the basis of a calendar year or a fiscal year.

FINDINGS OF FACT.

The taxpayer is a South Carolina corporation with principal office in Bennettsville.

It was organized in 1910 by about 15 farmers, and thereafter engaged in the business of manufacturing fertilizer for use on farms.

The nature of its business was such that practically its entire product was made and sold within the first six months of each year. Most of its sales occurred in April and to a large extent payment was made therefor by notes delivered in June but due in October. The taxpayer engaged in practically no activity during the last six months of each calendar year, outside of the collection of accounts and the purchase of raw materials in preparation for the business of the following year.

The taxpayer opened a new set of books on January 1 of each year, and for the years 1910 to 1921, inclusive, rendered its tax returns on a calendar year basis.

The annual meeting of the taxpayer was held on July 1 of each year, and for convenience the profit and loss account was ruled down on June 30 of each year to disclose the then book profits. No dividends were declared by the directors until after the collection of the accounts which were reflected in the June 30 profit and loss statement. The directors held their meetings for that purpose at the

end of December each year, or just after January 1 of the following year, after the determination of the income for the year then closed.

No accounts of the taxpayer were ruled down at June 30, except the profit and loss account, and no transfer was made to the surplus account until January 1 of each year.

The books of account of the taxpayer were kept on a calendar year basis.

The Commissioner computed the income on the basis of a fiscal year ending June 30 of each year, and determined an overassessment for 1918 of $4,995.68 and aggregate deficiencies for 1919 and 1920 of $11,963.28, or a net deficiency of $6,967.60.

### DECISION.

The tax should be computed on the basis of calendar years. Final determination will be settled on 10 days' notice, under Rule 50.

---

## APPEAL OF BEACH & SWEET, INC.

Docket No. 2381.    Submitted May 13, 1925.    Decided November 20, 1925.

*Harry P. Cross, Esq.*, for the taxpayer.
*Edward C. Lake, Esq.*, for the Commissioner.

### Before GREEN and LANSDON.

This appeal is from the determination of a deficiency in income and profits taxes for the years 1919 and 1920 in the amount of $8,017.78. The taxpayer claimed to be a personal service corporation and prepared and filed its income-tax returns for the years in question upon that basis. The Commissioner declined to give the taxpayer personal service classification and the deficiency above mentioned resulted.

### FINDINGS OF FACT.

Prior to 1906, Beach & Sweet, a copartnership, was engaged in the insurance business in Providence, R. I. At the same time and in the same city the Henry W. Cooke Co., a corporation, was engaged in the real estate loan and insurance business. Each of the companies was the agent for several reputable insurance companies. It was deemed advisable to consolidate the insurance branch of the Cooke Co. with Beach & Sweet, and this was effected in 1906 by organizing a corporation known as Beach & Sweet, Inc. This company took over all the insurance business of both the Cooke Co. and Beach & Sweet, a copartnership.